Filed 8/12/26  P. v. Volz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

|  |  |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>DEVIN ROBERT VOLZ,<br>        Defendant and Appellant. | C103976<br><br>(Super. Ct. No. 21CR16520) |

After defendant Devin Robert Volz pleaded guilty to various sex offenses, the trial court sentenced him to two years eight months in prison and issued a 10-year protective order naming the victim as the protected person.  On appeal, Volz contends that his attorney rendered constitutionally ineffective assistance of counsel by failing to object to the trial court's issuance of the protective order under Penal Code section 136.2, subdivision (i)(2) without finding, by clear and convincing evidence, that he harassed the victim.[1]  We conclude that the protective order is valid under section 136.2, subdivision (i)(1) and that Volz has therefore suffered no prejudice from counsel's failure to object.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Based on the police reports forming the factual basis for Volz's plea, Volz and the victim were dating. He was 18 years old; she was 17. After consuming alcohol at Volz's house one night, the victim passed out in his bed. Sometime later, she looked at his cell phone and found photos and videos in a hidden folder showing her in various stages of undress. They also depicted Volz masturbating with her feet and putting his penis in her vagina and on her mouth.

Volz was charged in a second amended information with two counts of oral copulation on an unconscious person (§ 287, subd. (f)(1); counts I and II), one count of possessing child pornography (§ 311.11, subd. (a); count III), and 21 counts of molesting a child under 18 years old (§ 647.6, subd. (a)(1); counts IV through XXIV). Later, the information was further amended to add two counts of felony oral copulation of a person under age 18 (§ 287, subd. (b)(1); counts XXV and XXVI).

Volz pleaded guilty to both of the newly added oral copulation charges and to three misdemeanor counts of molesting a child. Consistent with the parties' plea agreement, the trial court dismissed the remaining counts.

At the sentencing hearing, the trial court denied probation and sentenced Volz to two years in prison for one of the oral copulation counts, a consecutive eight months (one-third the middle term) for the second oral copulation count, and concurrent terms of one year each for the three misdemeanor molestation convictions. The court ordered him to register as a sex offender for 20 years (§§ 290, 290.006). The court also stated that it was issuing "a criminal protective order for a period of ten years protecting the victim from further acts of violence, threats, stalking, abuse and other harassment" and a "stay-away order" pursuant to section 136.2, subdivision (i)(2). The written protective order issued on the same day as the sentencing hearing states that it was issued pursuant to section 136.2, subdivision (i) and identifies the victim as the protected person.

Volz timely appealed.

DISCUSSION

Volz contends that the trial court erroneously issued a 10-year criminal protective order pursuant to section 136.2, subdivision (i)(2) without finding, by clear and convincing evidence, that he harassed the victim. Recognizing that he did not raise this issue below, Volz argues that his counsel was constitutionally ineffective in failing to object to the protective order on this basis.

Under section 136.2, subdivision (i), whenever a person is convicted of a crime that requires him or her to register as a sex offender under section 290, subdivision (c), a trial court shall consider, at the time of sentencing, whether to issue protective orders for victims and witnesses. Under section 136.2, subdivision (i)(1), the trial court "shall consider issuing an order restraining the defendant from any contact with the victim of the crime." The term "victim" is defined to mean a "person with respect to whom there is reason to believe that any [state or federal] crime … has been perpetrated … ." (§ 136, subd. (3).) Under section 136.2, subdivision (i)(2), the court "shall consider issuing an order restraining the defendant from any contact with a percipient witness to the crime if it can be established by clear and convincing evidence that the witness has been harassed, as defined in paragraph (3) of subdivision (b) of Section 527.6 of the Code of Civil Procedure, by the defendant."

In this case, it is undisputed that the trial court erroneously cited section 136.2, subdivision (i)(2) (for percipient witnesses) rather than subdivision (i)(1) (for victims) at the sentencing hearing. This error, however, provides no basis for reversal. It is well established that if a trial court's decision is correct on any theory of law applicable to the case, we will affirm the judgment or order regardless of the correctness of the grounds on which the lower court reached its conclusion. (*In re Marriage of Mathews* (2005) 133 Cal.App.4th 624, 632.) A lower court's " ' " ' "ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason." ' " ' " (*People v. Mani* (2022) 74 Cal.App.5th 343, 369, fn. 9.) Volz focuses on the absence of a

3

finding, by clear and convincing evidence, that the victim was harassed, but section 136.2, subdivision (i)(1) requires no such finding, and Volz does not assert that the protective order was otherwise inappropriate under that provision.  Because section 136.2, subdivision (i)(1) authorized the protective order, there is no basis to set the order aside.  And for that reason, counsel's failure to object to the trial court's citation of section 136.2, subdivision (i)(2) at the sentencing hearing could not have caused Volz to suffer any prejudice.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 687, 697 [if it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of prejudice, that course should be followed].)

## DISPOSITION

The judgment is affirmed.


/s/
FEINBERG, J.

We concur:


/s/
RENNER, Acting P. J.


/s/
KRAUSE, J.

4